Alejandro Banda, Pro Se
3977 Cottonwood Street
San Diego, CA 92113
619-206-7876

FILED
'08 MAY 20 PM 3:37
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

# IN THE UNITED STATE DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ALEJANDRO BANDA,

Plaintiff,

vs.

CHASE HOME FINANCE, LLC, SUCCESSOR BY MERGER TO CHASE MANHATTAN MORTGAGE CORPORATION and NDEX WEST, LLC,

Defendants.

CASE NO. 08 CV 646 W LSP

AMENDED
VERIFIED COMPLAINT
AND EMERGENCY MOTION
FOR EX PARTE TEMPORARY
RESTRAINING ORDER

## VERIFIED COMPLAINT

## AND EMERGENCY MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER

COMES NOW the Plaintiff, ALEJANDRO BANDA, pro-se, and sues Defendant CHASE HOME FINANCE, LCC, SUCCESSOR BY MERGER TO CHASE MANHATTAN MORTGAGE CORPORATION and NDEX WEST, LLC., Defendants and as grounds therefore would state as follows:

## PRELIMINARY STATEMENT

1.

This Complaint is filed under the Truth in Lending Act, 15 U.S.C. section 1601 et seq hereinafter called the "Act") to enforce the plaintiff's right to rescind a consumer credit transaction, to void the Defendant's security interest in the Plaintiff's home, and to recover

statutory damages, reasonable fees and cost by reason of the Defendants violations of the Act and Regulation Z 12 C.F.R. section 226 (hereinafter called "Regulation Z"). Plaintiff also seeks damages for Defendant's violations of the Deceptive and Unfair Trade Practices Act 15 U.S.C. chapter 2 subchapter 1 section 45.

**JURISDICTION**

2.

Jurisdiction is conferred on this Court by 15 U.S.C. section 1640 (e) and 28 U.S.C. sections 1331, 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. section 2201.

**PARTIES**

3.

The Plaintiff, ALEJANDRO BANDA is a natural person residing at 3977 Cottonwood Street, San Diego, California 92113

4.

Defendant CHASE HOME FINANCE, LLC, is a corporation engaged in the business of mortgage financing and doing business in San Diego, California.

5.

Defendant NDEX WEST, LLC, is a corporation engaged in and doing business in San Diego, California.

6.

At all times material hereto, the Defendants, in the ordinary course of its business, regularly extended, or offered to extend, consumer credit, for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

FACTUAL ALLEGATIONS

7.

On or about (insert date)Plaintiff entered into a consumer Credit transaction with Defendant in which the extended consumer credit is subject to a finance charge and which was initially payable to the Defendants.

8.

A true and correct copy of the credit agreement evidencing the transaction is attached hereto, marked as PLAINTIFF'S EXHIBIT A, and by reference is incorporated herein.

9.

As part of this consumer credit transaction, the Defendants retained a security interest in 3977 Cottonwood Steet, San Diego, California, which is Plaintiff's home.

10.

The security interest was not created to finance the acquisition or initial construction of Plaintiff's home.

11.

A true and correct copy of the mortgage evidencing the Defendant's security interest is attached hereto, marked PLAINTIFF'S EXHIBIT B, and by reference is incorporated herein.

FIRST CAUSE OF ACTION

12.

This consumer credit transaction was subject to the Plaintiff's right of rescission as described by 15 U.S.C. section 1635 and Regulation Z, 12 C.F.R. section 226.23.

13.

In the course of the consumer credit transaction Defendant violated 15 U.S.C. Section 1635 (a) and Regulation Z section 226.23 (b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that:

a. Cleary identified the transaction.
b. Clearly and conspicuously disclosed the security interest in Plaintiff's home.

c. Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction.
d. Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose designating the address of Defendant's place of business.
e. Clearly and conspicuously disclosed the effects of the transaction.
f. Clearly and conspicuously disclosed the date the rescission period expired.

14.

The disclosure statement issued in conjunction with this consumer credit transaction, and attached as PLAINTIFF'S EXHIBIT C, violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

a. By failing to include in the finance charge certain charges imposed by the Defendant payable by Plaintiff incident to the extension of credit as required by 15 USC section 1605 and Regulation Z, section 226.4,thus improperly disclosing the finance charge in violation of 15 USC section 1638 (a) (3) and Regulation Z section 226.18, such amounts to include, but are not limited to

   i. The broker fee.
   ii. The credit report fee, which is not a bona fide and reasonable fee.
   iii. The recording fees in excess of the actual recording fee which are therefore not a "bona fide and reasonable" fee.
   iv. The settlement or Closing fee.

a. By improperly including certain charges, in the amount financed, which are finance charges, including but not limited to those itemized in Paragraph 12 (a) herein, the Defendant improperly disclosed the amount financed in violation of 15 U.S.C. section 1638 (a) (2) and Regulation Z, section 226.18 (b); and
b. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. section 1606, Regulation Z, section 226.22, the Defendant understated the disclosed annual percentage rate in violation of 15 U.S.C. section 1638 (a) (4) and Regulation Z, section 226.18 (c).

15.

The disclosures improperly made by Defendant as itemized in paragraph 13 are material disclosures as defined in the Truth in Lending Act, 15 U.S.C. section 1602 (u), Regulation Z,226.23 n.48.

16.

The finance charge and APR were underdisclosed by more that the tolerance Levels set forth in U.S.C. section 1635 (f).

17.

By reason of the material violations of 15 U.S.C. section 1638, Plaintiff has a right of rescission for three years from the date of consummation of the loan pursuant to15 U.S.C. (f).

18.

Plaintiff rescinded the transaction by sending to Defendants at their business address by mail a notice of rescission.

19.

More than 20 calendar days have passed and Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under this transaction, including the security interest describe as required by 15 U.S.C. section 1635 (b) and Regulation Z section 226.23 (d) (2).

20.

The Defendants have failed to return to the Plaintiff any money or property given by the Plaintiff to anyone, including the Defendant, as required by 15 U.S.C. 1635 (b) and Regulation Z 226.23 (d) (2).

21.

As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. sections 1635 (a), 1640 (a), and 1641 (c), Defendants are liable to Plaintiff for:

a.rescission of this transaction.
b.termination of any security interest in plaintiff's property created under the transaction.
c.return of any money or property given by plaintiff to anyone including the Defendants in connectin with this transaction.
d. Statutory damages for disclosure violations.
   a. Statutory damages for failure to respond properly to Plaintiff's rescission notice.
   b. Forefeiture of return of loan proceeds.
   c. Actual damages in an account to be determined at trial.
   d. Costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1.Assume jurisdiction of this case.
2.Declare the security interest in Plaintiff's home void.
3.Rescind the subject loan transaction.
4.Order Defendants to take all action necessary to terminate any security interest in Plaintiff's property created under the transaction and that the Court declare all such security interest void, including but not limited to the mortgage related to the subject transaction.
5.Order the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including Defendants, in connection with the transaction.
6.Enjoin Defendants, during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of the property.
7.Award the Plaintiff statutory damages for the disclosure violation, in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. section 1640 (a).;

1. Award the Plaintiff statutory damages for Defendant's failure to respond properly to the Plaintiff's rescission notice, in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. 1640 (a).
2. Order that, because of Defendant's failure to respond to the Plaintiff's notice of rescission, the Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all of the Plaintiff's claims, and order the Defendant to accept tender on reasonable terms and over a reasonable period of time;
3. Award actual damages in an amount to be established at trial;
4. Award Plaintiff costs
5. Award such other and further relief as the Court deems just and proper.

## VERIFICATION

Plaintiff/Affiant declares that she has read the foregoing Amended Verified Complaint and under penalty of perjury that the foregoing facts and allegations as contained therein are true and correct.

Alejandro Banda

Alejandro Banda, Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Verified Complaint has been furnished to CHASE HOME FINANCE, LLC at P.O. Box 78116, Phoenix, AZ 85062-8116 and to NDEX WEST LLC at 15000 Surveyor Blvd., Suite 500, Addison, TX 75001-9013 this 20 day of May, 2008.

Alejandro Banda

Alejandro Banda, Plaintiff
Pro Se
3977 Cottonwood Street
San Diego, CA 92113
Phone