# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ALEJANDRO BANDA, | CASE NO. 08-CV-0646 W (LSP) |
|---|---|
| Plaintiff, | **ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER (Doc. No. 5.)** |
| vs. | |
| CHASE HOME FINANCE, LLC. et. al., | |
| Defendants. | |

On April 9, 2008 Plaintiff Alejandro Banda ("Plaintiff"), proceeding *pro se*, filed a very basic complaint generally alleging that Defendants Chase Home Finance, et. al. were attempting to wrongfully undertake foreclosure proceedings at certain property presumably owned by Plaintiff. (Doc. No. 1.) On May 20, 2008 Plaintiff filed an "Amended Verified Complaint and Emergency Motion for Ex Parte Temporary Restraining Order [TRO]." (Doc. No. 5.)

Unfortunately, Plaintiff has not provided any legal analysis showing that he is entitled to an extraordinary TRO remedy. Without providing any facts and only citing 15 U.S.C. § 1635(f),[1] Plaintiff states in a conclusory fashion that "it is likely that plaintiff will prevail on his claims." Plaintiff then states "[i]in an abundance of caution and

---

[1] 15 U.S.C. § 1635(f) simply sets forth the three-year time limit an obligor has to exercise his right of rescission. Nowhere does Plaintiff argue that he may exercise this right.

based upon legal and equitable considerations, this Court should enter a Preliminary Temporary Restraining Order to enjoin the unlawful detainer or writ of possession to allow Plaintiff and Defendant to set forth their respective claims." (*Pl.'s Mot.* 2.) Despite Plaintiff's characterization, "an abundance of caution" is not the proper standard under which an application for TRO is decided.

More importantly, Plaintiff's TRO motion does not allege any relevant dates, e.g., the date on which Plaintiff's loan closed, the date Defendant plans to foreclose on Plaintiff's home, etc. Without knowing whether Plaintiff is likely to succeed on the merits, and without knowing how imminent Plaintiff's injury might be, the Court does not find that a TRO is warranted at this time.

In conclusion, the Court **DENIES** Plaintiff's motion for TRO. Simply, there is too little evidence that Plaintiff's property is actually in foreclosure, when any foreclosure auction might take place, and why Plaintiff is entitled to an extraordinary TRO remedy. Given the nature of Plaintiff's action, though, the Court strongly suggests that Plaintiff retain or consult with an attorney in order to be advised of his rights and proceed in accordance with the applicable rules of law.

**IT IS SO ORDERED.**

DATED: May 22, 2008

_____
Hon. Thomas J. Whelan
United States District Judge